Jason S. Nardiello (jnardiello@barclaydamon.com)
Laurence J. Rabinovich (lrabinovich@barclaydamon.com)
M. Eric Galvez (mgalvez@barclaydamon.com)
Sang Eun Lee (slee@barclaydamon.com)

BARCLAY DAMON LLP
1270 Avenue of the Americas
New York, NY 10020
Telephone:   (212) 784-5800
Facsimile:   (212) 784-5777

*Attorneys for Plaintiffs Rosina Food Products, Inc. and F&R IP Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSINA FOOD PRODUCTS, INC. and F&R IP Inc.<br><br>Plaintiff,<br><br>vs.<br><br>Mama Rosina's (an unincorporated business form) and Kim Figueroa,<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Rosina Food Products, Inc., and F&R IP Inc. (hereinafter, "Plaintiffs"), by their attorneys, Barclay Damon, LLP, as and for their Complaint against the defendants, Mama Rosina's ("Mama Rosina") and Kim Figueroa, allege as follows:

## NATURE OF THE COMPLAINT

1. This is an action for: (a) trademark infringement of a registered mark in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114); (b) unfair competition, false descriptions, and false designations of origin in commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (c) unfair competition under the common law of the State of New Jersey.

## PARTIES, JURISDICTION, AND VENUE

2. F&R IP, Inc. (hereinafter, "F&R"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 170 French Rd., Buffalo, NY 14227. F&R is the owner of the Rosina trademark registrations and common law trademark rights identified in detail below.

3. Rosina Food Products, Inc. (herein after "Rosina"), is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 170 French Rd., Buffalo, NY 14227. Rosina is the beneficial owner and licensee of the Rosina trademarks owned by F&R. Rosina in the business of manufacturing, distributing, and selling a wide variety of Italian-style food products under various brand names and logos, including the Rosina trademark.

4. On information and belief, Mama Rosina is an unincorporated business form with its principal place of business at 350 East Main Street, Bound Brook, New Jersey 08805.

5. On information and belief, Kim Figueroa is a natural person having an actual place of business at 350 East Main Street, Bound Brook, New Jersey 08805.

6. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) (actions arising out of the Lanham Act); 28 U.S.C. § 1331 (actions arising under the laws of the United States), § 1338(b) (action asserting related claim for unfair competition), and § 1367 (supplemental jurisdiction over related claims), and general principles of ancillary and pendent jurisdiction.

7. This Court has personal jurisdiction over the Defendants because the Defendants are residents of New Jersey and/or regularly engage in extensive business transactions and solicitations in the State of New Jersey and within this District, have contracted to supply

services and goods within this District, and/or have committed acts of trademark infringement and/or unfair competition within this District.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this District.

9. Specifically, the Defendants offer restaurant services and food products under the infring mark complained of herein in this District and these events have caused a likelihood of confusion as to source, sponsorship, or affiliation in the marketplace in general.

## THE ROSINA BRAND, TRADEMARK REGISTRATION, AND USE

10. The Plaintiffs' Rosina brand was launched in 1963 as part of a family business in Buffalo, New York, servicing neighborhood meat markets, supermarkets, and restaurants.

11. Plaintiffs own the following marks, registered on the Principal Register of the Trademark Office (Copies of the Certificates of Registration are attached hereto as "Exhibit 1"):

    a. U.S. Trademark Registration No. 1,584,904



    b. U.S. Trademark Registration No. 4,350,542



(together, the "Rosina Marks")

12. The Rosina Marks are registered in connection with "Italian food" (meatballs, Italian sausage, Italian sausage with peppers and onions in sauce, beef or pork-based pizza topping), "food products" (frozen and packaged meats and vegetables), and frozen and packaged entrees consisting primarily of meat and/or vegetables.

13. Over fifty years, the Rosina brand has become known nationwide as signifying high quality food products that are consistently made with quality and fresh ingredients. The products include Italian meatballs, pasta, eggplant, appetizers, pizza toppings, sausage, and entrees. Products are sold through retail and foodservice channels and can be found in supermarkets, supercenters, military commissaries, wholesale clubs, and restaurants throughout the country.

14. The Rosina Marks have been used in interstate commerce in the United States continuously since their inception. The Rosina website currently prominently features the mark as below showing "Rosina" with green stylized text and a red rose adjacent to a capitalized "R":



15. At all times herein mentioned, Plaintiffs' use of the Rosina Marks has been senior to that of Defendant.

16. Because of a high level of sales, promotion, and advertising, and unsolicited media attention, the Rosina Marks have become very well known throughout the United States and in the Italian food, Italian restaurant, and Italian food manufacturing industries. Furthermore, the Rosina Marks have attained a high degree of awareness in the New Jersey market, by virtue of significant sales and market share in that region.

17. In 2013, Rosina was selected as "Frozen Food Supplier of the Year" by Reinhart Foodservice, the 4th largest foodservice distributor in the United States.

### Defendant's Act of Infringement

18. Defendants Mama Rosina and Kim Figueroa (hereinafter collectively, "Defendants") are advertising and providing restaurant services and food products on a website at www.mamarosinas.info, and also at its New Jersey restaurant, where the following logo marks are displayed - showing the wording "Mama Rosina's" in stylized text as well as the wording "Mama Rosina's" in red stylized text with a red rose located on the letter "O":



(hereinafter, the "Infringing Mark").

19. The Infringing Mark appears at least on the Defendant's website and menus.

20. In connection with the Infringing Mark, The Defendant sells Italian food from its restaurant and offers Italian food catering services.

21. Shortly after discovery of the above activities, Plaintiffs' counsel, on January 2016, contacted Defendant and demanded that it cease and desist from the use of the Infringing Mark.

22. To date, Defendants have not responded to Plaintiff's demand and has not ceased use of the infringing mark.

## Count I

### *Federal Trademark Infringement in Violation of 15 U.S.C. § 1114(1)(a)*

23. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. In violation of 15 U.S.C. § 1114(1)(a), Defendants used in commerce, without license, a reproduction, copy, or colorable imitation of a registered mark, namely Plaintiff's Rosina Marks, in connection with the sale, offering for sale, distribution or advertising of services and goods and that such use is likely to cause confusion or to cause mistake or to deceive.

25. Defendants' actions constitute infringement of Plaintiffs' exclusive rights in the Rosina Marks.

26. Defendants' actions constitute willful infringement of Plaintiffs' exclusive rights in the Rosina Marks.

27. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered irreparable harm to the valuable Rosina Marks and to their reputation in the industry. Unless Defendant is restrained from further infringement of the Rosina Marks, Plaintiffs will continue to be irreparably harmed.

28. Plaintiffs have no adequate remedy at law that will compensate for the continued and irreparable harm they will suffer if Defendants' acts are allowed to continue.

29. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered damages to the valuable Rosina Marks and have sustained other damages in an amount to be proven at trial.

## Count II
### *False Description and Designation of Origin and Unfair Competition in Violation of 15 U.S.C. § 1125(a)*

30. Plaintiffs repeat and reassert all allegations contained in Paragraphs 1 through 29 above as if they were stated in full herein.

31. In violation of 15 U.S.C. § 1125(a)(1)(A), Defendants in connection with their infringing mark, used in commerce a slogan, trade dress, word, term, name, symbol or device, or any combination thereof, or a false designation of origin, false or misleading description of fact or false or misleading representation of fact, which was or is likely to cause confusion or to cause mistake or to deceive as to an affiliation, connection, or association with Plaintiffs.

32. Defendants' actions constitute willful infringement of Plaintiffs' exclusive rights in the Rosina Marks.

33. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered irreparable harm to the valuable Rosina Marks and associated trade dress and to their reputation in the industry. Unless Defendant is restrained from further infringement of the aforementioned marks, Plaintiffs will continue to be irreparably harmed.

34. Plaintiffs have no adequate remedy at law that will compensate for the continued and irreparable harm they will suffer if Defendants' acts are allowed to continue.

35. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered damages to the valuable Rosina Marks and associated trade dress and other damages in an amount to be proved at trial.

### Count III

*Unfair Competition in Violation of New Jersey Common Law*

36. Plaintiffs repeat and reassert all allegations contained in Paragraphs 1 through 35 above as if they were stated in full herein.

37. Plaintiffs have common law rights in their Rosina Marks, which are uniquely associated with Plaintiffs as to the source of goods and services offered in connection with the Rosina Marks.

38. In violation of the common law of the state of New Jersey, Defendants have engaged in unfair competition by using marks so similar in sight sound and meaning to that of Plaintiffs' Rosina Marks that the public will be confused or mistaken or deceived as to the identity and source of the products and/or services rendered.

39. Defendants' acts as described above constitute unfair competition in violation of Plaintiffs' rights under the common law of unfair competition of the State of New Jersey, as preserved by N.J. Stat. § 56:3-13.13.

40. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered irreparable harm to their valuable goodwill and reputation in the industry. Unless Defendants conduct is restrained, Plaintiffs will continue to be irreparably harmed.

41. Plaintiffs have no adequate remedy at law that will compensate for the continued and irreparable harm they will suffer if Defendants' acts are allowed to continue.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs urge the Court to grant the following relief:

    A. Entry of judgment that:

        i. Defendants have infringed Plaintiffs' Rosina Marks;

      ii. Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

      iii. Defendants have engaged in unfair competition in violation of the common law of the State of New Jersey;

B. Entry of judgment that preliminarily and/or permanently enjoins Defendants and their representatives, assigns or successors, or any subsidiaries, parents, divisions, agents, servants, employees thereof, and/or those in privity with Defendants from:

      i. Using any of the Rosina Marks and/or trade dress, and any marks confusingly similar thereto;

      ii. Infringing the Rosina Marks and/or trade dress;

      iii. Unfairly competing with Plaintiffs in the manufacture sale, distribution, rendering services, advertising or any other use of the Rosina Marks and/or trade dress;

C. Defendants accounts for and pays over to Plaintiffs any revenue or profits realized by Defendants by reason of its unlawful or deliberate acts as alleged herein;

D. Awarding to Plaintiffs treble damages;

E. Awarding to Plaintiffs attorneys fees and costs in this action;

F. Awarding to Plaintiffs pre-judgment and post-judgment interest; and

G. Awarding such other and further relief to Plaintiffs as may be just, proper, and equitable.

H. Such other and further relief as is just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Date:  August 5, 2016                    **BARCLAY DAMON, LLP**

                                                Laurence J. Rabinovich /s/
                                  By: _____
                                           Jason S. Nardiello (*pro hac vice*
                                                application to be filed)
                                              Laurence J. Rabinovich
                                             M. Eric Galvez (*pro hac vice*
                                              application to be filed)
                                             Sang Eun Lee (*pro hac vice*
                                              application to be filed)

                                      1270 Avenue of the Americas
                                      New York, NY 10020
                                      Telephone:   (212) 784-5800
                                      Facsimile:    (212) 784-5777

                                      *Attorneys for Plaintiff Rosina Food*
                                      *Products, Inc. and F& R IP Inc.*

12360574.1